## WHITNEY *vs.* ALLAIRE.

One who has been drawn into executing a contract by fraudulent representations, may affirm the contract after the discovery of the fraud, and notwithstanding such affirmance, may sue for the fraud, or may recoup the damages sustained on account of it in an action by the other contracting party on the agreement.

So one who by fraudulent representations is induced to become a lessee of an entire lot of which the lessor only owned a part, may after the discovery of the fraud enter into the possession of the premises and occupy during the term, and in an action by the lessor for the rent may recoup the damages he has sustained by means of the fraud.

But after such act of affirmance the party defrauded cannot maintain an action depending upon a rescission of the contract.

Error to the superior court of the city of New-York. After the reversal of the former judgment of the superior court in this cause, (*see* 4 *Hill,* 184,) the issue was again tried in that court, and there was a verdict and judgment for the defendant; to review which the present writ of error was brought by the plaintiff. The evidence upon the second trial presented

substantially the same case which had been proved on the former occasion, an abstract of which is contained in the report referred to. The court below charged the jury that although the defendant, after the discovery of the extent of the plaintiff's interest in the wharf or water lot in question, had entered into possession and enjoyed the same during the term, without rescinding or offering to rescind the contract, he might notwithstanding set up the fraud of the plaintiff by which he was induced to become the lessee of the whole premises, in bar of the claim for rent or in reduction of the amount of such claim; but that to admit the defence it must appear that fraud as distinguished from mistake was imputable to the plaintiff. The court advised the jury that if the defence was made out the mode of estimating the damages would be as follows: the fair rent for that portion of the premises which the plaintiff owned should be added to the three quarters rent under the demise from the plaintiff, claimed in the declaration, from which should be deducted the sum of one thousand dollars which the defendant had paid to the corporation of the city of New-York for the rent of that portion of the premises owned by the corporation, and which the defendant had leased from the city, and the balance would be the amount of the verdict if they found for the plaintiff. The jury found for the defendant, and judgment was rendered on the verdict.

*E. Sandford,* for the plaintiff in error, asked the court to reconsider the principles laid down when the case was formerly before the court. He referred to the *Sar. & Sch'y. R. R. Co.* v. *Row,* (24 *Wend.* 74,) which he said had then been decided, but had not been reported, and which he maintained was not reconcilable with the decision in this case. He insisted that the true rule was that when a party to a contract has discovered that he has been defrauded in entering into it, he must elect, either to rescind it, in which case he must forbear to go into possession if he has not done so, and must restore what he has received under it, and may then prosecute the other party for damages; or to affirm it by taking possession of and retain-

ing whatever he may be entitled to under it; but in the latter case he must make the best of his bargain and is not entitled to damages for the fraud. He cited *Paley on Agency,* 172; *Story on Agency,* §§ 239, 242, 248, 250; *Smith's Mercantile Law,* 60; 9 *Barn. & Cress.* 59; 20 *Wend.* 61; 2 *Stra.* 859; 24 *Wend.* 461; 2 *Hall,* 176; 5 *Barn. & Cress.* 313; 6 *id.* 388; 1 *C. M. & Roscoe,* 312; 1 *Crompt. & J.* 391; 13 *John.* 302; 2 *Barn. & Adolph.* 460; 1 *Crompt. & M.* 207; *Story on Sales,* §§ 159, 420, 421; 1 *Sugden on Vend.* 552, § 38; *id.* 391, § 29 *to* 33; 1 *Adolph. & E.* 40; 3 *Starkie's R.* 25; 5 *Mees. & W.* 83; 5 *Greenl.* 127; 1 *Hill,* 302; 1 *Denio,* 69; 2 *id.* 136; *Chitty on Cont.* 408, 409, 680; 12 *Pick.* 306; 18 *id.* 95; 22 *id.* 18, 546; 5 *Metc.* 49; 8 *id.* 278; 4 *Paige,* 537.

*N. Hill, Jr. & F. B. Cutting,* for the defendant, cited 13 *John.* 395; *Doug.* 29; 2 *East,* 451; 1 *John.* 417; 5 *Carr. & P.* 475; 2 *Barn. & Ad.* 460; 5 *Barn. & Cress.* 111; 4 *Kent's Com.* 97; *Chitty on Cont.* 680; 14 *Wend.* 199; *Cases in Cowen & Hill's Notes, p.* 1475.

*By the Court,* JEWETT, J. When this case was before the court on the former occasion, it was held that a present interest in the term passed to the defendant from the plaintiff for one year; that the defendant having taken the lease of the wharf upon the faith of the fraudulent misrepresentations of the plaintiff, had an election either to repudiate the contract or to take the benefit of it; and that though he chose the latter course he might, when sued for the rent, claim a deduction by way of recoupment for the damages which he had sustained in consequence of the fraud; and that although the defendant, having taken possession of the wharf after he discovered the fraud, was thereby precluded from afterwards rescinding the contract, still it did not affect his right of action for the fraud committed. The court considered the defendant's right of action complete on the day of making the contract, whether it should be held that the contract created an *interesse termini* or was merely

Whitney *v.* Allaire.

executory; and in either case they thought there could be no waiver of the claim to damages. Upon the last trial the charge was in conformity to the principles thus laid down.

On a review of the question I am entirely satisfied that the doctrine stated and illustrated by the learned judge who delivered the judgment of this court at that time is sound, and is sustained as well upon principle as authority, and that it is not, as the plaintiff's counsel supposed, in conflict with the case to which he has referred.

It was conceded on the argument that the principles of law applicable to a contract for the sale and purchase of personal chattels were equally applicable, so far as this question is concerned, to the contract under consideration. It cannot be doubted, but that a vendee of a personal chattel has a remedy against the vendor for fraud, which the latter has practiced upon him. The actions in which this remedy is sought by the vendee are, either when he is sued for the price of the article, or where he sues the vendor for its defects, or to recover back the price, where he has paid. If the action is by the vendor for the price, the defects may be shown in reduction of the plaintiff's damages when they are less than the price unpaid, or in bar when they are equal to or exceed such price. By proving the fraud and damage, the vendee may reduce the demand, where his injury is less than the price unpaid; and where it is equal or greater, he may defeat the action altogether. This is authorized by law to prevent circuity of action. (*King* v. *Boston,* 7 *East,* 481, *note; Cormack* v. *Gillis, id.* 480.) Again; when the vendee is sued for the price, he may show the fraud and prove that he has rescinded the contract by returning or offering to return the whole of the property purchased at the earliest practicable moment after the discovery of the fraud; and then he will not be liable for the price agreed to be paid. A return of the property to the vendor, or an offer to return, is in no case necessary, except to enable the vendee to withhold or recover back the price. Where there is an actual disaffirmance of the contract, the title of the property is revested in the vendor. In all cases of fraud, the vendee, who alone has the

right of disaffirmance, may remain silent, and bring his action to recover damages for the fraud, or may rely on it by way of defence to the action of the vendor, although there has been a full acceptance by him, with knowledge of the defects in the property. An affirmance of the contract by the vendee, with such knowledge, merely extinguishes his right to rescind the sale. His other remedies remain unimpaired. The vendor can never complain that the vendee has not rescinded. (*Kellogg* v. *Denslow*, 14 *Conn. R.* 411 ; *Boorman* v. *Johnston*, 12 *Wend.* 566 ; *Waring* v. *Mason*, 18 *id.* 426 ; *Hoggins* v. *Bucraft*, 1 *Dana's Ken. R.* 30 ; 2 *Kent's Com. 5th ed.* 480, *note B. and the cases there referred to ; Long on Sales, by Rand,* 213, 219, 240.)

If the defence arose out of the contract itself or depended upon a rescission of it, it would clearly be without foundation, as there is no pretence of any thing being due to the defendant by the terms of the contract, or that he has at any time rescinded it or attempted to do so. On the contrary, he received the benefit of it. The defence is based upon the alleged tortious act imputed to the plaintiff, in inducing the defendant to enter into the contract by which he sustained damage. This is set up by way of recoupment or in reduction of damages. Fraud and damage have ever been regarded as a solid foundation for an action. (*Pasley* v. *Freeman*, 3 *Term. R.* 51.) A party defrauded in a contract has his choice of remedies. He may stand to the bargain, even after he has discovered the fraud, and recover damages on account of it, or he may rescind the contract and recover back what he paid or sold. (2 *Kent's Com. 5th ed.* 480, *note a ; Weston* v. *Downes, Douglass,* 23 ; *Towers* v. *Barrett,* 1 *Term. R.* 133; *Payne* v. *Whale,* 7 *East,* 274; *Long on Sales,* 214 *to* 216.) So in the case of a warranty. The party to whom it has been made may sue and recover for the breach without returning the property But if he bring an action to recover back the price, he will fail although there is a breach of the warranty, unless a rescission of the contract is shewn. There is no principle or authority, showing that where a person has been defrauded by another in

making an executory contract, a subsequent performance of it, on his part, even with knowledge of the fraud acquired subse-quent to the making and previous to the performance, bars him of any remedy for his damages for the fraud. The party defrauded, by performing his part of the contract with a know-ledge of the fraud, is deemed to have ratified it, and is pre-cluded thereby from subsequently disaffirming it. That is the extent of the rule. His right of action for the fraud remains unaffected by such performance. But having gone on after discovering the fraud, he cannot afterwards disaffirm the bar-gain, or sue for the consideration.

The rule for ascertaining the damages of the defendant to be recouped, was more favorable to the plaintiff than that on which he had a right to insist. The true principle was laid down by this court in determining the former writ of error, but the plaintiff has not been prejudiced by the instruction which was given. The judgment must be affirmed.

Judgment affirmed.