## NICHOLAS SMITH *v.* JOHN GREER, AND MARIA LOUISA SOTO DE GREER, HIS WIFE.

MARRIED WOMAN'S CONTRACT. — A certificate of acknowledgment of a married woman's contract does not form any part of the contract itself, but is merely the evidence which the law requires to show that the contract is her act.

MARRIED WOMAN'S NOTE.—A married woman cannot charge her separate estate

by the execution of a promissory note acknowledged as instruments conveying her separate estate are required to be acknowledged.

MARRIED WOMAN'S CONTRACT.—A married woman cannot create a personal liability by the execution of a promissory note acknowledged as instruments affecting her separate estate are required to be acknowledged. Her capacity to contract is confined to exceptional cases, such as sole trader.

MARRIED WOMAN'S SEPARATE ESTATE.—A married woman cannot convey or charge her separate estate, except by an instrument in writing made for that purpose, and executed and acknowledged as required by section six of the Act defining the rights of husband and wife.

APPEAL from the District Court, Twelfth Judicial District, San Mateo County.

The facts are stated in the opinion of the Court.

*A. Teague*, for Appellants, argued that the Court could not render a personal judgment against a married woman, and that admitting the notes to have been acknowledged by Mrs. Greer, it would be found by looking into them that they contained nothing but the personal acknowledgment of Mrs. Greer to pay money, and did not purport to create any lien, charge, or encumbrance on her separate estate, and the fact that the notes were acknowledged was not evidence that she executed them with the intention of creating a lien on her separate estate.    He also argued that a married woman could create no personal liability by a contract, except as sole trader, and that the notes were not binding on her; and cited *Maclay* v. *Love*, 25 Cal. 373 ; and *Miller* v. *Newton*, 23 Cal. 554.

*Campbell, Fox & Campbell*, for Respondent, argued that whatever might have been the old rule with regard to enforcing contracts against married women, our statute defining the rights of husband and wife gave a married woman legal power over her separate estate, and the right to make such contracts as would affect the same in law as well as in equity, and that a married woman's promissory note, acknowledged as instruments affecting her separate estate were required to be acknowledged, and given for services performed at her request respecting her separate property, was a contract she had power to make, and which would be enforced.

By the Court, RHODES, J. :

The complaint alleges that Greer and his wife jointly made the two promissory notes sued upon ; that the consideration of the notes was an indebtedness incurred by the wife for services performed for and at her request respecting certain real estate that she then owned and still owns as her separate property ; and the prayer is for judgment against both defendants for the amount of the notes and costs of suit, and that the judgment be decreed to be collected and paid out of the separate property of each of the defendants and the common property of both. A personal judgment against both defendants was rendered in the usual form, without any directions as to the sale of property. The wife alone appeals.

Leaving out of view the document styled a bill of exceptions, in which it does not appear what disposition was made of the objection interposed, and also the statement on motion for a new trial, which is insufficient, because it does not contain the grounds on which the motion was made, we come to the only accessible point remaining, and that is whether the facts stated in the complaint entitle the plaintiff to a judgment against the appellant.

It will be observed that the facts are nearly identical with those in *Maclay* v. *Love*, 25 Cal. 367, and that case must be decisive of this, unless the plaintiff produces some fact that relieves it from the operation and control of the principles there laid down, for the counsel for the plaintiff do not attack, but rely upon the doctrines and authority of that case.

They claim that they find the fact which takes the case out of the authority of *Maclay* v. *Love* in this averment of the complaint. It is stated that both defendants made and delivered the promissory notes, and counsel contend that as a married woman could not be said to have made a contract unless she acknowledged it, therefore " the averment of the making is an averment of the doing of all those acts necessary to its making." Concede to the plaintiff the benefit of this argument, and he then has what the plaintiff in *Maclay* v.

*Love* did not have, or did not claim to have—certificates of acknowledgment of the married woman appended to the notes in suit.

The sole purpose of a certificate of acknowledgment is to furnish proof of the due execution of the instrument, which the statute permits or requires to be proven in that manner. When it is said that the deed of a married woman is not complete without the certificate of acknowledgment, and that the certificate forms an essential part of the conveyance, the meaning is not that it forms a part of the deed, as her signature or words expressive of conveyance do, but merely that the deed cannot be offered in evidence or used in any manner to show that title has passed from her, unless it bears on its face the evidence of its due execution. The certificate of acknowledgment still remains solely as evidence of the execution of the instrument, and thus the plaintiff, at the utmost he can claim, had this advantage—and we do not think counsel would assume the risk of relying on it—that he could offer the notes in evidence without further proof than appeared on the face of the notes, that they were made by the married woman.

The question now arises as to the capacity of such a note to affect or charge the separate estate of a married woman, under the provisions of section six of the Act of 1850, defining the rights of husband and wife. The first difficulty the plaintiff must encounter is that a promissory note is merely a contract creating a personal liability against the maker; and *Maclay* v. *Love* holds, as do all the cases in this Court, in which the point has been passed upon, that a married woman has no capacity to create a mere personal liability by contract in any form, unless in exceptional cases, as under the Sole Trader's Act. Another insurmountable obstacle is that according to section six, which, as construed in *Maclay* v. *Love*, is prohibitory in its terms, a married woman is disabled from conveying or charging her separate estate, except in the mode therein provided; that is, by an instrument in writing made for that purpose, and executed and acknowledged according to the provisions of that section.

Judgment as against the appellant reversed.

SAWYER, J., concurring specially :

I concur in the judgment.