(Decided 1st July, 1870.)

---

JOSEPH GROFF *vs.* JOHN W. HANSEL.

*Fraud in obtaining a Contract, or Failure of consideration, may be relied on as a Defence by a Party sued upon such Contract—Evidence.*

In an action by the payee against the maker of a promissory note, given for the balance of the purchase money agreed to be paid for the assignment to the latter of the exclusive right to use and sell, within certain counties in Maryland, a patented invention, it is competent for the defendant to prove, as a bar to the action, that he was induced to purchase by means of false representations on the part of the plaintiff as to the usefulness of the invention, although after having discovered that the

invention was of no value whatever, the defendant made no offer to surrender or re-assign it to the vendor.

An offer to pay a part of a note in discharge of the whole, made with a view to a compromise, but not accepted, is inadmissible in evidence in a suit on the note against the maker.

APPEAL from the Circuit Court for Frederick County.

This was an action of *assumpsit* brought by the appellee against the appellant, on a promissory note for $125, dated the 8th of December, 1865, and payable six months after date, with interest. The facts of the case are sufficiently stated in the opinion of the Court. It was agreed at the trial below that all evidence might be offered subject to exceptions, and might be stricken out by the Court, on motion or prayer, in the same way as if it had been objected to when offered.

*Exception:* The plaintiff offered the following prayers:

1st. If the jury believe from the evidence in the cause, that the defendant knew, after the assignment of the patent to him, that the patent was not as represented by the plaintiff, that the plaintiff is entitled to a verdict for the amount of his claim, unless the jury shall find that in a reasonable time after the defendant knew that such patent did not answer the representation by said plaintiff, he offered to surrender and re-assign said patent to the owners and vendors thereof.

2d. If the jury believe that the defendant, having knowledge of the defect in the patent, and that it did not correspond with the representations thereof by the plaintiff, still retains and holds the assignment, without a return or re-assignment thereof to his vendors, then the plaintiff is entitled to recover.

The defendant offered seven prayers, the first of which the Court granted, as also the third, fourth and sixth, which it granted together and in connection with the prayers of the plaintiff. The following prayers of the defendant the Court rejected:

2d. That the jury must exclude from their consideration the evidence of the witness Walsh, as to the declaration of the defendant in relation to paying $120, if the note sued on should be given up to him; and also the letters of the defendant, dated the 23d of November, 1866, and the 20th of January, 1867, because said declarations were made, and said letters written, for the purpose of a compromise, and in an attempt to procure a compromise, and are inadmissible in evidence in this cause.

5th. If the jury believe from the evidence that the promissory note in question was given in consideration of the sale and assignment to the defendant, of the sole and exclusive right of using and applying and of vending to others to be used and applied, the sash stopper and lock mentioned in the paper dated the 8th of December, 1865, in and for the counties of Washington, Allegany, Carroll and Montgomery, in the State of Maryland, and that said consideration has partially but not wholly failed; and if the jury shall further find that the defendant has already paid $325 in consideration of said sale and assignment, and that said $325 is less than the full actual value of said sale and assignment, then the jury are at liberty to give in this cause a verdict for such amount, parcel of the note in question as with the said sum of $325 they may find to be the full value of said sale and assignment.

7th. If the jury believe from the evidence that the paper offered in evidence, purporting to be an assignment by W. Van Gaasbeck and B. Van Gaasbeck to the defendant, of the full and exclusive right of using, applying and vending to others to be used and applied, the invention in said paper mentioned, as stated in said paper dated 8th December, 1865, was not executed by said W. Van Gaasbeck and B. Van Gaasbeck; and shall further find that the note sued on in this case was given by the defendant to the plaintiff as part of the sum of $450 mentioned in said paper and for no other consideration, then the verdict of the jury must be for defendant.

To the granting of the plaintiff's prayers the defendant excepted, as also to the rejection of his second, fifth and seventh prayers, and the verdict and judgment being against him, he appealed.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Wm. P. Maulsby, Jr.*, for the appellant.

*Wm. J. Ross*, for the appellee.

MILLER, J., delivered the opinion of the Court.

This is an action by the payee against the maker of a promissory note, dated December 8th, 1865, and payable at six months. The plea was *non-assumpsit*, and the single exception taken at the trial presents for review the rulings of the Court upon the prayers presented on either side.

On the day the note was dated the defendant purchased from the plaintiff the right of using and vending in certain counties in Maryland a patented invention for a " Sash Stopper and Lock," for the sum of $450. On the same day he received an assignment of the patent right, paid $200 in cash, and gave his two notes for $125 each for the residue of the consideration. One of these notes having been passed before maturity to a *bona fide* holder, was paid by the defendant, and the other is the one sued on in this case. Proof was offered on the part of the defendant tending to show that the sale was effected, and he was induced to purchase by means of false and fraudulent representations on the part of the vendor as to the qualities, capabilities and usefulness of the invention or article sold. The legal proposition asserted in the two prayers of the plaintiff is that this defence cannot be set up in this action on the note, because the defendant did not return or offer to return, or surrender, or re-assign the patent within a reasonable time after he knew or had discovered the article

did not answer the representations made of it by the plaintiff, but still retains and holds the assignment of the same.

Whatever may be the present state of the English decisions on the subject, it has been in this country repeatedly decided by Courts of the highest authority, acting not in virtue of any Statutory license or provision, but upon principles of justice and convenience, and with the view of preventing litigation and expense, and to avoid circuity of action, that where fraud has occurred in obtaining or in the performance of contracts, or where there has been a failure of consideration total or partial, or a breach of warranty, fraudulent or otherwise, all or any of these facts may be relied on in defence by a party when sued upon such contracts, and that he shall not be driven to assert them either for protection or as a ground for compensation in a cross action.    *Withers vs. Greene*, 9 *How.*, 230.

In *Becker vs. Vrooman*, 13 *Johns*, 302, the suit was to recover the price of a mare, and the defence set up was that the plaintiff had represented her to be sound and healthy, when in fact she was sick and diseased. The vendee still retained the property, and the Court says: "the established rule now appears to be that in cases like the present, fraud may be given in evidence as a defence, and will be an answer to the whole demand or in abatement of the damages according to the circumstances of the case. This is the true as well as a salutary rule, and well calculated to do full and complete justice between the parties most expeditiously and least expensively." This case was referred to by Ch. J. SAVAGE in *Spalding vs. Vandercook*, 2 *Wend.*, 432, as settling the doctrine that deceit in a sale may be shown in bar or in mitigation. And more recently, in *Whitney vs. Allaise*, 4 *Denio*, 554, it was decided that one who has been drawn into executing a contract by fraudulent representations, may affirm the contract after the discovery of the fraud, or may *recoup* the damages sustained on account of it in an action by the other contracting party on the agreement. "It cannot be doubted," say the Court in that case, "but that a vendee has a remedy

against the vendor for fraud.  The actions in which, this remedy is sought by the vendee are either when he is sued for the price of the article, or where he sues the vendor for its defects or to recover back the price where he has paid.  If the action is by the vendor for the price, the defects may be shown in reduction of the plaintiff's damages when they are less than the price unpaid or in bar when they are equal to or exceed such price.  By proving fraud and damage, the vendee may reduce the demand where his injury is less than the price unpaid, and where it is equal or greater, may defeat the action altogether.  This is authorized by law to prevent circuity of action.  In all cases of fraud, the vendee, who alone has the right of disaffirmance, may remain silent, and bring his action to recover damages for the fraud, or may rely on it, by way of defence, to the action of the vendor, although there has been a full acceptance by him with knowledge of the defects in the property.  An affirmance of the contract by the vendee, with such knowledge, merely extinguishes his right to rescind the sale.  His other remedies remain unimpaired.  The vendor can never complain that the vendee has not rescinded."  Other decisions of equal authority, in other States, might be cited to the same effect.  They will be found collected and commented on in *Waterman on Set-Off and Recoupment*, secs. 435, 444 and 452 to 459.

A distinction is taken in some of the cases, and in England still adhered to, between a suit upon the original contract of sale or for the agreed price, and a suit upon a note or other security taken for the contract price on such sale.  But this distinction has also been repudiated and rejected by the best considered cases in this country, and it has been held that where the suit is between the original parties to a promissory note the defence may be relied on.  In *Harrington vs. Stratton*, 22 *Pick.*, 510, the action, as here, was by the payee against the maker of a note given for the price of a chattel, and it was held competent for the maker to prove in reduction of damages that the sale was effected by means of false representa-

tions of the value of the chattel on the part of the payee, although the chattel has not been returned or tendered to him. "The strong argument," says the Court, "for the admission of such evidence in reduction of damages in cases like the present, is that it will avoid circuity of action. It is always desirable to prevent a cross action where full and complete justice can be done to parties in a single suit, and it is upon this ground that Courts have of late been disposed to extend to the greatest length, compatible with the legal rights of the parties, the principle allowing evidence in defence or in reduction of damages to be introduced, rather than to compel the defendant to his cross action. And it seems to us the same purpose will be further advanced, and with no additional evils, by adopting a rule on this subject equally broad in its application to cases of actions on promissory notes between the original parties to the same, as to actions on the original contracts of sale, and holding that in either case evidence of false representations as to the quality or character of the article sold, may be given in evidence to reduce the damages although the article has not been returned to the vendor."

The decisions of this Court have also, in our judgment, gone to the same extent. In *Beall vs. Pearre*, 12 *Md.*, 550, suit was brought by the vendee against the vendor for an alleged breach of warranty in relation to the sale of a quantity of beef. The Court held he could not recover because he had set up the same defence in an action which had been brought against him by the vendor on a promissory note given as part of the price for the same article ; that having offered this defence in the former case which was passed upon by the Court and its ruling thereon submitted to by him without appeal, it was a bar to his action on the warranty, even though the Court below had ruled erroneously on his defence. In the first trial on the note, the Court below instructed the jury that if they believed any other article than the beef was sold and formed a part of the consideration of the note, and

Groff *vs.* Hansel.

that such article was of some value, then the plaintiff was not precluded from recovering on the note; and the jury were also further instructed that if they believed the beef was sold and delivered by the plaintiff to the defendant, and although they should believe the plaintiff made representations to the defendant as to the quality and condition of the beef at the time of sale knowing them to be false, yet if they believed the beef was of some value and that the defendant after he discovered that the representations so made to him by the plaintiff were not true, dealt with the beef as his own and sold it without returning the same or offering to return it to the plaintiff, that such facts did not constitute a defence or bar to a recovery upon the note, notwithstanding they might believe that at the time of the sale the plaintiff made such false representations knowing them to be false. These instructions this Court say were erroneous, and add "if the note was given for the beef, although the contract was a sale, yet the maker of the note had a legal right to insist upon either a total or partial want or failure of consideration in defence according to the extent of his proof." The same thing had been decided previously in *Franklin vs. Long,* 7 *G. & J.,* 419, in reference to a warranty, where the Court decided it to be the received doctrine in this State, whatever may be the decisions elsewhere, that if a party sells an article with a warranty of soundness, which turns out to have been unsound at the time of sale, the buyer may either keep it and bring an action on the warranty or rescind the contract by a return or offer to return in a reasonable time, so that the seller is placed in *statu quo,* and sue for and recover back the purchase money or so much as he has paid, in an action for money had and received, and where in such case an action is brought by the vendor for the purchase money, the vendee still retaining the property may set up the breach of the warranty as a defence to the action. In *Mulliken vs. Boyce,* 1 *Gill,* 50, the suit was on a promissory note given for the purchase money of a mare. The vendee alleged that he bought

on the express stipulation and assurance on the, part of the vendor that the mare was a thoroughbred animal, and he would furnish a certificate to that effect from the breeder, and asked the Court to instruct the jury that before the plaintiff could recover he must prove the mare was thoroughbred, and if they found she was not they must find for the defendant. The Court of Appeals held this prayer to be erroneous among other reasons, because "if the plaintiff had failed to comply with his representations he would be still entitled to recover the value of the mare actually sold as an animal not thoroughbred," thus conceding failure to fulfil the representation, might be used as evidence to reduce the amount to be recovered on the note, although there had been no return or offer to return the property.

The case of *Clements vs. Smith*, 9 *Gill*, 156, must rest upon the distinction, well settled in this State, that the cause of action there was a single bill, an obligation under seal, importing a consideration on its face which cannot be inquired into at law so as to reduce the amount to be recovered on it as was expressly decided in *Key vs. Knott and Wife*, 9 *G. & J.*, 342. A cause of action like that, if impeached at law, on the ground of fraud, must be set aside *in toto*, and where a party undertakes to assail its consideration on that ground, he must place himself in the same position as if he were suing for the fraud or to recover back purchase-money paid, that is to say, he must have rescinded the sale by a return or offer to return, in a reasonable time after discovery of the fraud; and the citation from *Story on Sales*, made in that case, applies to cases where a party is seeking relief by an action grounded on fraud, or to recover back what he has paid.

But here, as we have seen, the vendee is not suing for deceit or fraud, or to recover back what he has already paid, but is relying upon the fact that false representations were made inducing the purchase, as a defence against further recovery of the purchase-money by the vendor, and the cause

of action is a promissory note, the consideration of which, as between the original parties thereto, is always open for inquiry in a Court of law. Both upon reason and authority, therefore, we are satisfied the defendant is entitled to make the defence without returning or offering to re-assign the patent, and hence the plaintiff's prayers were erroneous, and ought not to have been granted.

By the agreement stated in the exception under which the testimony was admitted, the question presented by the defendant's second prayer is precisely the same as if an exception had been taken to its admission when offered. The evidence referred to was plainly, upon its face, an offer made with a view to a compromise, which was not accepted, and should have been excluded by the Court without leaving it to the jury to find whether or not such was its character. It was wholly inadmissible for any purpose. *Reynolds vs. Manning, Stimpson & Co.,* 15 *Md.,* 526; 1 *Greenl. Ev.,* sec. 192. But the rejection of this prayer is no cause of reversal, because the defendant himself asked the Court to leave it to the jury to find whether the offer was made with a view to a compromise, and rested its exclusion upon the ground of such finding. This the Court did by granting his first prayer, and a party cannot present two inconsistent propositions and induce the Court to grant one of them, and then complain because it did not grant the other also.

The law of the defendant's fifth prayer, as an abstract proposition, is correct, but we fail to find in the record any evidence in its support, and it was therefore properly rejected. The evidence on the part of the defendant went to show the right he had purchased was of no value whatever, and the jury could not have found it was worth what he had already paid and part of the note sued on besides.

There was also no error in the rejection of his seventh prayer. The plaintiff was not suing on the assignment of the patent. The signatures of the patentees thereto purport, on its face, to have been written by the plaintiff as "their

lawful attorney." It was offered in evidence by the defendant, and although he could do this and still impeach its validity, the *onus* was on him to show if that was the ground of his attack, want of authority in the plaintiff to write the names of the assignors thereon.

For the error in granting the plaintiff's prayers, the judgment must be reversed. These ought not to have been granted, either by themselves or in connection with any that were granted at the instance of the defendant.

*Judgment reversed and*
*new trial awarded.*

(Decided 1st July, 1870.)