Opinion by
Willson, J.
§ 393. Failure of consideration; insufficient plea of; case stated. Appellant sued appellees upon a promissory note for $666.66. Appellees pleaded specially in substance as follows: That they made said note and two others, amounting in the aggregate to $2,000; that said notes were given for the oak timber growing upon certain lands which appellant claimed to own; that they purchased said timber for railroad cross-ties; that appellant knew the purpose for which they purchased it; that they sent their agent to appellant to examine said lands and timber before making said purchase; that appellant pointed out to said agent certain lands, containing about three thousand acres, well timbered with oak timber, and located near the railroad, and represented that said *344 lands belonged to him; that appellant did not in fact own said lands; that appellant conveyed to them the timber of several tracts of land, which he represented to them were the same lands he had pointed out to their agent; that they relied upon said representations, and, believing the same to be true, accepted the conveyance thereof, and executed said notes; that said representations were false and fraudulent; that only a portion of the lands named in said conveyance belonged to appellant, and those which did belong to him had but little oak timber upon them; that one tract of about one thousand six hundred acres, mentioned in said conveyance, was located between ten and fifteen miles from the railroad, and which tract appellant represented to them was located within two miles of the railroad; that they had cut all the oak timber off the land named in said conveyance that belonged to appellant that was suitable for, cross-ties and accessible to the railroad, and obtained therefrom six'thousand and eighty-two cross-ties, of the value of six cents per tie; that they paid one of said notes and a part of another, amounting in all to $800; that appellant knew at the time he made said representations that the same were false; they prayed for judgment over against appellant for the $800 paid by them, less the value of the six thousand and eighty-two ties which they had received. The plea was sworn to. Appellant demurred generally to this plea, and excepted to it specially upon several grounds. Demurrer and exceptions were overruled, and judgment was rendered against appellant that he take nothing by his suit, and that he pay all costs. Held, the special plea was insufficient. It should have definitely and specifically alleged the particular lands conveyed by appellant which did not belong to him, but -which he represented did belong to him, and those which did belong to him. It should have alleged the lands, the quantity and location thereof, which were affected by the false representations, and who owned the same, as far as known, and the facts *345 and circumstances which prevented appellees from cutting timber from the lands named in the conveyance. It should have alleged directly and positively that appellees were ignorant of the facts to which the false representations related. It should have alleged the date when appellees discovered the falsity of said representations, and the date of the payment made by them, and that at the time of said payment they were ignorant of the fraud which had been perpetrated upon them.
§ 394. Misrepresentations; rules as to. To avoid a contract on the ground of misrepresentation, there must not only be misrepresentation of a material fact constituting the basis of the sale, but the contract inüst have been entered into upon the faith and credit of such representations. [Jackson v. Stockbridge, 29 Tex. 394; W. & W. Con. Rep. § 1289; Taylor v. Fleet, 1 Barb. 475.] If the party to whom such representations were made had knowledge of the facts, or if the means of ascertaining the facts were open to him and at hand, and his attention was called thereto, and the circumstances were such that a knowledge of the facts should be imputed to him, he cannot claim to have been deceived by such representations, and cannot avoid the contract because of them. [Fry on Spec. Per. § 441.]
§ 395. Same; estoppel; acting under contract after Tcnoiuledge of fraud therein. It appears from the evidence that appellees entered upon some of the lands named in the conveyance, immediately after the date thereof, May 26, 1881, which was also the date of the notes. They remained upon said lands, cutting cross-ties, about two months. The first note fell due eight months after its date, and they paid it at maturity. They also made a payment on another of the notes, but when, is not shown. About the time of the institution of this suit, August 22, 1883, one of the notes having been lost, they executed another note in place of it. During all this time they made no complaint that they had been deceived or damaged by appellant. They at no time in *346 formed, him that his title to any of the land claimed had been questioned, or that they had been prevented by any one from cutting timber therefrom. Not a word of complaint is heard from them until they file their answer in this suit. This state of facts estojis and bars them from avoiding the note sued upon because of appellant’s alleged false representations. The allegation of false representa ■ tions may be effectually met either by proof that the party alleging them was, from the beginning, cognizant of all the matters complained of, or that, after full information concerning them, he continued to act on the footing of the contract, or to deal with the property comprised in it, as if held under the contract. [Fry on Spec. Per. § 445; Whitney v. Allaire, 4 Denio, 554.] Appellees must have known, within two months after they executed the notes, all about the fraud of which they complain. With this knowledge they continued to recognize the validity of the contract; acted under it; paid money on it; renewed one of their notes; made no complaint of the fraud; did not offer to rescind the contract; and to this day they have not offered to surrender the conveyance executed to them by appellant, but retain the same, with the right thereunder to cut timber from the lands. As the case is developed by the evidence, the defense attempted to be set up by the special plea cannot be maintained.
November 1, 1884.
Eeversed and remanded.