[S. F. No. 2387.   Department Two.—January 15, 1901.]

ARTHUR G. FIELD, Respondent, v. PAUL P. AUSTIN and
FRED S. POTT, Appellant.

NOTE—FRAUD IN PROCUREMENT—ELECTION OF REMEDY—RESCISSION—DAM-
AGES—DEFENSE.—Where a note is procured by the fraud of the
payee, the maker may elect either to rescind the contract or
to seek affirmative relief of compensation in damages, without
rescission, or to set up the fraud by way of defense to an action
upon the note by the maker, and it cannot be objected to such
defense that no rescission or offer to rescind or damages
*eo nomine* is alleged.

ID.—PLEADING — DAMAGE BY WAY OF DEFENSE — CONSIDERATION OF
NOTES—WORTHLESS STOCK—ALLEGED FRAUD — OMISSION IN FIND-
INGS.—In an action upon notes where the answer sets up facts con-
stituting fraud in their procurement, in consideration for wholly
worthless stock, concerning which fraudulent representations
were made, and also pleads a want and total failure of consid-
eration for the notes, the fact and extent of the damage for the
alleged fraud sufficiently appears for the purposes of defense;
and a failure to find upon the issue of the fraud alleged, owing
to an erroneous theory of the case, is ground for reversal.

ID.—RECOUPMENT OF DAMAGE.—The defendants are entitled under such
pleading, upon proof of the facts and of the fraud alleged, to
recoup against the notes the whole amount thereof if the stock
is valueless, or, if not wholly valueless, such part of the notes
as the proofs may warrant.

ID.—PURCHASE OF BUSINESS AND STOCK—WRITTEN CONTRACT FOR AGGRE-
GATE SUMS—SEPARATE CONSIDERATION—PAROL EVIDENCE.—Under a
written contract for the purchase of a business and the stock of a
corporation for an aggregate sum, parol evidence is competent
to show that a cash payment made was wholly for the busi-
ness, and that the sole consideration for the balance of the pur-
chase money taken in notes was the stock of the corporation.
The effect of such proof is the same as if the separate consid-
eration were recited in the contract, making it, not an entire,
but a separate contract of purchase.

ID.—PLEADING — CONSIDERATION OF NOTES — EVIDENCE — OMISSION IN
FINDING.—Where the answer alleged that the consideration of the
notes was the stock of the corporation, and that it was entirely
without value, and it appeared from the evidence of both par-
ties that the property other than the stock was estimated to be
of the value of the cash payment, and that the stock was esti-
mated at a price per share equaling the amount of the notes,
and there was other evidence that the consideration of the

notes consisted exclusively of the stock, the defendant is entitled to a finding upon that issue, and the omission to find thereupon is ground for a reversal.

ID.—INSUFFICIENT FINDING—VALUE OF PROPERTY PURCHASED.—A finding that the properties purchased were not valueless, without referring specifically to the stock, is not a sufficient finding upon the issue tendered by the answer as to the worthlessness of the stock as the alleged consideration of the notes.

ID.—WORTHLESS STOCK—RESCISSION WITHOUT RETURN—TOTAL FAILURE OF CONSIDERATION.—If a finding were made that the stock was the sole consideration for the notes in suit, and that it was wholly worthless, the defendants would be entitled to rescind the purchase without a return of the stock, and would be entitled to judgment in the action upon the notes on the ground of a total failure of consideration therefor.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion.

John E. Richards, John G. Jury, and James H. Campbell, for Appellants.

Jackson Hatch, H. C. Moore, and N. Bowden, for Respondent.

SMITH, C.—The plaintiff recovered judgment in the court below for the sum of thirteen thousand three hundred and ten dollars, with interest and attorney's fee, alleged to be due on seven promissory notes made to the plaintiff by the defendants. The complaint is in the ordinary form. The defense was fraud in the procurement of the contract. The questions involved relate exclusively to the sufficiency of the findings.

The answer of the defendant Pott, besides denying that the notes were given for valuable consideration, and alleging that they were wholly without consideration, "avers: 1. That each of said notes was given for a part of the purchase price of certain shares of the Western Granite and Marble Company, a corporation; 2. All of which shares were then, and have ever since continued to be, and now are, entirely worthless and valueless; .... 3. That each of said notes was procured by and through the false and fraudulent representations of the plaintiff, to wit,

that said stock was of the value of fifty dollars per share or more, and that a dividend of ten per cent on that valuation had already been earned, and would be paid on or about May 1, 1893, all of which the plaintiff knew to be false, and without any foundation in fact; that no dividend has ever been paid on said stock since the making of said notes."

The answer of the defendant Austin is to the same effect; but the fraud is alleged in more detail, and additional circumstances are mentioned, as, e. g., that the plaintiff controlled the officers of the corporation, and caused them to make false and misleading statements and reports, etc. It will be sufficient, however, to consider only so much of his answer as corresponds to that of his codefendant.

The findings of the court, so far as material, are that the notes sued upon were made in pursuance of a written contract of even date, by the terms of which the plaintiff agreed to sell, and thereby did sell, certain office furniture and other property, specifically described, used in the plaintiff's business "of brokerage, insurance and real estate," together with the business, "and also six hundred and fifty shares of the capital stock of the Western Granite and Marble Company, for the sum of forty-five thousand seven hundred and fifty dollars, to be paid ten thousand dollars in cash, twenty-five thousand dollars by the joint notes of defendants, and ten thousand by the several notes of each for five thousand dollars; and that there was not then, nor had there been prior to that time, any confidential relation existing between them, and said Field did not at any time prior to the consummation of said contract or thereafter do or perform any act or thing tending to conceal from the defendants the value or standing of the properties for the purchase of which they were negotiating from him, nor did he in any way prevent, or attempt to prevent, any or either of them from making fair and full investigation on their account into the values of the several properties mentioned, . . . . and that in fact the several properties so sold and transferred did possess an actual value and were not valueless"; and finally, as in fact appeared from the absence of allegations on the point in the answers, "that there had been no rescission or offer to rescind."

1. The above findings, it is quite clear, do not respond to the issues as to fraud made by the allegations of the answers, and the case therefore stands without findings as to these issues. Nor, as appears from the opinion of the court inserted in the bill of exceptions, was it designed to find on them. The theory of the court, as there expressed, is that the answers, owing to the failure to allege a rescission or offer to rescind, or to allege damages, *eo nomine*, could not be regarded as cross-complaints to rescind, or for damages for fraud or deceit; and hence that "the only defense set up to these notes is a want of consideration," or, as elsewhere expressed, "a total failure of consideration." But the facts alleged in the answers show that the defendants were damaged, and also the extent of the damage; and upon proof of those facts and of the fraud alleged they would have been entitled to recoup against the notes either to the whole amount of the notes if the stock was entirely valueless, or to such less extent as the proofs might justify. The law on this point is well settled. Nor would the case be altered even had it been found that the stock given as the consideration of the notes had some value. This would affect only the extent of the relief.

"There are three methods by which, in cases like the present, a party defrauded may obtain relief: 1. Cancellation or rescission, etc.; . . . . 2. Affirmative relief by an action to recover compensation for the injury sustained by the fraud of the defendant, where no cancellation is necessary as . . . . the basis of such recovery; 3. Defensive relief, whereby the fraud is set up by way of defense to defeat an action brought to enforce an apparent obligation or liability." (*Toby v. Oregon etc. R. R. Co.*, 98 Cal. 498.) And in the last case "it is permissible for the defendant to recoup to a partial extent, or to defeat the action to the entire extent of the note, for fraud in the obtaining of the note or in its consideration, [even] where it is admitted that the party who gave the note retained the goods and made no offer to return them." (*Bell v. Sheridan*, 21 D. C. 370.) Or, in other words, "in cases like the present, fraud may be given in evidence as a defense, and will be an answer to the whole demand, or in abatement of the damages, according to the circumstances of the case. This is the true as well as a salutary

rule, and well calculated to do final and complete justice between the parties, most expeditiously and least expensively." (*Beecker v. Vrooman,* 13 Johns. 302; and to same effect, *Groff v. Hansel,* 33 Md. 161; *Applegarth v. Robertson,* 65 Md. 493; *Withers v. Greene,* 9 How. 230; *Whitney v. Allaire,* 4 Denio, 554.)

2. The findings also fail to respond to the allegations of the answers as to the consideration. The allegations are: 1. That the consideration of the notes was the stock; 2. That this was entirely without value. On these points the court simply finds the terms of the contract, and that "the several properties so sold and transferred by the said Field did possess an actual value, and were not valueless." But this refers, not specifically to the stock, which according to the allegations of the answer constituted exclusively the consideration of the notes, but generally to all the property sold, and would be equally true whether the stock be or be not of any value.

It is true that in the written contract an aggregate sum is mentioned as the consideration for the transfer of the property generally, and that, as the court says, "no valuation was thereby placed upon any of the items composing the consideration"; and consequently that *prima facie* the contract was entire. But it was competent for the defendant to show by parol testimony what the consideration in fact was; that is to say, that the consideration of the notes was the stock, and the consideration for the other property the ten thousand dollars paid in cash. (Code Civ. Proc., sec. 1962, subd. 2; Civ. Code, secs. 1614, 1615; 1 Greenleaf on Evidence, secs. 284, 285, 304; *Hendrick v. Crowiey,* 31 Cal. 476; *Stufflebeem v. Arnold,* 57 Cal. 11.) On the proof of this fact the transaction would stand precisely as though it were so recited in the contract, and the case would thus come under the general principle of construction applying to such cases, which is, that a sale "of different articles at different prices is not an entire contract, unless the taking of the whole is essential from the character of the property, or is made so by the agreement of the parties, or unless [the transaction] is of such a nature that a failure to obtain a part of the articles would materially affect the objects of the contract, and thus have influenced the sale, had such a failure been anticipated." (*Norris v. Harris,* 15 Cal. 256.) Or, as

more tersely expressed, "where a number of articles are bought at the same time, and a separate price agreed upon for each, although they are all included in one instrument of conveyance, yet the contract for sufficient cause may be rescinded as to part, and may be enforced as to the residue. But this cannot properly be said to be an exception to the rule [applying to cases where there is a sale of several articles for one consideration (Civ. Code, sec. 1608)], because in effect there is a separate contract for each separate article." (*Miner v. Bradley*, 22 Pick. 459; citing *Johnson v. Johnson*, 3 Bos. & P. 162.) Nor does it make any difference whether the facts are recited in the written contract or proved by evidence *aliunde* as was held in the latter case, where the aggregate consideration only was recited, and proof was allowed that part of it corresponded to one of the properties sold, and the balance to the other. (See, also, *Mayfield v. Wadsky*, 3 Barn. & C. 361; *Jackson v. Shawl*, 29 Cal. 272; *Treadwell v. Davis*, 34 Cal. 601.[1]) In the present case it appeared from the evidence of both parties that in negotiating the sale the property other than the stock was estimated to be of the value of ten thousand dollars, which was paid in cash, and the stock itself at fifty-five dollars a share, making in the aggregate the amount of the notes; and there was other evidence tending to show that the consideration of the notes consisted wholly and exclusively of the stock. The defendants were therefore entitled to a finding on this point, and in connection therewith to a finding on their allegation that the stock was of no value; and on findings in their favor on these points, would have been entitled to rescind without returning the stock (*Gifford v. Carvill*, 29 Cal. 593; *Upper San Joaquin etc. Canal Co. v. Roach*, 78 Cal. 554; *Gamble v. Tripp*, 99 Cal. 226; *Buena Vista Fruit etc. Co. v. Tuohy*, 107 Cal. 254); or to state the point more simply, would have been entitled to judgment on the ground that there was a total failure of consideration for the notes. The findings are, therefore, insufficient even on the theory adopted by the court that the sole issue was "whether there was a total failure of consideration." For it was competent for the defendants to prove their allega-

---

[1] 94 Am. Dec. 770.

tions that the consideration of the notes was the stock, and that this was of no value; and the court failed to find on either of these issues.

We advise that the judgment and order be reversed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Temple, J., McFarland, J., Henshaw, J.