People's Passenger Railway Co. of Balt. *vs.* Green.

---

THE PEOPLE'S PASSENGER RAILWAY COMPANY OF BALTIMORE CITY *vs.* RICHARD B. GREEN.

*Question of Contributory Negligence—Legal Sufficiency of Evidence of Negligence, to go to the Jury—Photograph as evidence.*

In an action against a street passenger railway company the evidence showed, that the plaintiff while riding in a car of the defendant, got up and gave his seat to an elderly lady.  The car being crowded he was obliged to pass out on to the front platform. While standing there the car ran off the track, and at the request of the driver the plaintiff, with others on the platform, got off and assisted in getting the car again on the track.  When this was done the passengers got on the front platform again by stepping over an enclosure three feet high surrounding the same ; and while the plaintiff was in the act of getting on the platform in the same manner, the driver, without a signal or warning started the horses. By the sudden jerk in starting, the plaintiff was thrown down on the side of the car and was dragged some distance and his foot crushed by the wheel.  The accident occurred in the day time, and there was proof tending to show that the driver might have seen the plaintiff in the act of boarding the car.  Proof was also offered to show there was a notice on the inside of the car requiring passengers to enter and leave the car by the rear platform.  HELD :

1st. That, conceding there was negligence on the part of the plaintiff in attempting to enter the car by the front platform, the question was whether the driver of the defendant's car, by the exercise of proper care and prudence might have seen the position of the plaintiff, and thereby have avoided the injury.

People's Passenger Railway Co. of Balt. *vs.* Green.

2nd. That under the circumstances of the case, taking into consideration that the plaintiff had paid his fare, and that owing to the crowded condition of the car he was obliged to stand on the front platform, that he had gotten off at the request of the driver to help in getting the car again on the track, and the other facts in the case,—there was an obligation on the part of the driver to see that the plaintiff and others had an opportunity to get on the car again before he started the horses; and if he saw, or by the exercise of proper care might have seen the position of the plaintiff and thereby have avoided the injury, the defendant was liable.

3rd. That there was evidence *legally sufficient* to submit this question to the jury.

The defendant offered in evidence a photograph of another street railway car, and proposed to prove that it was an exact representation of the car upon which the accident happened. On objection, it was HELD:

That it might have been competent to have offered in evidence a photograph of the car upon which the accident happened, but not the photograph of another car, and then supplement the proof by showing that the two cars were alike.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*First Exception.*—The defendant offered as a witness William H. Patterson, who testified that he was the Secretary of the People's Passenger Railway Company, and had general charge of its business. Counsel for the defendant then handed the witness a photograph of a street railway car, and proposed to prove by him that this photograph was an exact representation of the car upon which the accident to the plaintiff occurred, although not one taken of that particular car, but of one identically like it, for the purpose of submitting said photograph to the jury for their inspection. The plaintiff objected to the admissibility of said photograph, and of any evidence

in regard thereto; and this objection being sustained by the Court (GAREY, J.,) the defendant excepted.

*Second Exception.*—The plaintiff offered the three following prayers:

1. That if the jury find that the plaintiff was a passenger on defendant's road, and had paid his fare at the time of the accident referred to, and shall further find, that it occurred in the manner testified to by the plaintiff and the witness Schulkherdt, then the plaintiff is entitled to recover.

2. That if the jury find that the plaintiff was a passenger on the defendant's road, and had paid his fare at the time of receiving the injuries testified to, then the plaintiff is entitled to recover, although the jury may find that the plaintiff did not use the care of a reasonable and prudent man in attempting to get on the car by the front platform, provided they further find that the driver, by using the ordinary prudence and care of drivers of such cars, might have seen the position of the plaintiff, and might have avoided the accident.

3. Should the jury find for the plaintiff, then they should consider the character of the injuries received, how far they disabled the plaintiff from pursuing his ordinary occupation, and also the physical and mental suffering to which he was subjected by reason of such injuries, and allow such damages as in their judgment would be a fair and just compensation for the same.

And the defendant offered the eight following prayers:

1. That if the jury believe from the evidence that the injury to the plaintiff was attributable to the combined negligence of the plaintiff and defendant, if the jury shall find such negligence, then the plaintiff is not entitled to recover.

2. That if the jury believe from the evidence in this cause, that if the plaintiff himself had exercised reasonable care and caution in entering the car of the defendant,

that the accident which befel him would not have occurred, then the plaintiff cannot recover in this action.

3. That if the jury believe from the evidence in this cause, that the plaintiff attempted to enter the car of the defendant by climbing over the enclosure of the front platform of said car, if they find that said platform was enclosed, and if they further find from the evidence that said act of the plaintiff contributed directly to the accident of the plaintiff, then the plaintiff is not entitled to recover, even although the jury may further find that there was negligence on the part of the defendant.

4. That if the jury believe from the evidence that the front platform of the car on which the plaintiff was injured, was enclosed for the purpose of preventing passengers entering or leaving the car by said front platform, and if they further find that the plaintiff was injured while attempting to enter the car by climbing over this enclosure, then said act on his part was such contributory negligence as disentitles him to recover in this action.

5. That the regulation of the People's Passenger Railway Company, prohibiting passengers from getting on or off at the front end of the car, and requiring them to enter and descend by its rear platform, is a reasonable regulation; provided they find the existence of said regulation at the time of the accident to the plaintiff, and the fact of said front platform being enclosed as testified to by the witness, Richard B. Green, if the jury shall believe such enclosure existed, sufficiently advised and gave notice to the plaintiff of the existence of said regulation, and if the plaintiff was injured in the act of violating said regulation, this is conclusive evidence of contributory negligence on his part, and disentitles him to recover in this action.

6. That if the jury find from the evidence that there was a regulation of the defendant requiring all passengers on said road to enter and leave by the rear platform, that

said regulation was a reasonable one; and if they further find that the plaintiff knowingly violated the same at the time he was injured, then the plaintiff cannot recover in this action, and the jury are at liberty to infer the knowledge of said regulation on the part of the plaintiff, from the fact that all the cars of the defendant contained a printed notice of said regulation, and from the further fact that the said front platform was enclosed, provided they find said regulation was posted in said cars, and said platform was enclosed.

7. That unless the jury find that the defendant, or its agent, was guilty of wanton and malicious or gross and outrageous conduct in the matter of the accident which befel him, the plaintiff is entitled to recover in this action simply the actual damages suffered by him, and not exemplary or punitive damages, and that there is no evidence in this cause of any wanton and malicious or gross and outrageous conduct on the part of the defendant, or its agent, to plaintiff.

8. That if the jury find from the evidence that there was a regulation of the defendant, requiring all passengers on said road to enter and leave by the rear platform, then said regulation was a reasonable one; and if they further find, that the plaintiff knowingly violated the same at the time he was injured, then the plaintiff cannot recover in this action, and the jury are at liberty to infer the knowledge of said regulation on the part of the plaintiff, from the fact that all the cars of the defendant contained a printed notice of said regulation; provided they find said regulation was posted in said car.

The Court refused the plaintiff's first prayer and granted his second and third, and granted the defendant's third and seventh prayers, and refused its first, second, fourth, fifth, sixth and eighth prayers; and gave the following instruction of its own in lieu of the defendant's first and sixth prayers:

The jury is instructed, that if they find from the evidence that by one of the regulations of the defendant, intended for the safety of passengers, persons using their cars were prohibited from getting on or off at the front end of any car, but were required to enter and leave by the rear platform only, and that notice of such regulation was put up inside of the car, in which the plaintiff was a passenger, in such a manner as to be legible to all passengers, and that the plaintiff had notice of said regulation; then if they further find, that the plaintiff was injured in an attempt on his part to enter said car by the front end, their verdict must be for the defendant; and if they find that plaintiff had ridden on the inside of said car, they may infer from that fact that he had notice of the said regulation.

The defendant excepted, and the verdict and judgment being rendered against it, appealed.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ROBINSON and IRVING, J.

*Thomas J. McKaig, Jr.*, for the appellant.

*Albert Ritchie*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an action by the appellee to recover damages alleged to have been caused by the negligence of the appellant.

On the day in question, the appellee was a passenger in the street car of the appellant, and after riding some distance he got up and gave his seat to an elderly woman. The car inside and the rear platform being crowded he was obliged to pass out on to the front platform.

In turning the corner of Henrietta and Charles streets, the car was run off the track, and at the request of the

driver the appellee and others standing with him on the platform got off, and assisted in getting the car again on the track. When this was done, the passengers got on the front platform again by stepping over a guard or enclosure three feet high surrounding the same, and while the appellee was in the act of getting on the platform in the same manner, the driver without a signal or warning of any kind started the horses. The sudden jerk in starting, threw the appellee down on the side of the car. Holding on to the iron railing of the car he was dragged some distance, when the wheel ran over his foot crushing it badly. The accident occurred in the day time, and there was proof tending to show that the driver might have seen the appellee in the act of boarding the car.

Proof was also offered by the appellant, to show there was a notice on the inside of the car requiring passengers to enter and leave the car by the rear platform. Upon these facts the Court instructed the jury:

1st. That although the plaintiff may not have used the care of a reasonable and prudent person in attempting to get on the car by the front platform, yet if the driver by using the ordinary prudence and care of drivers of such cars, might have seen the position of the plaintiff and might have avoided the injury, the plaintiff was entitled to recover.

2nd. If the plaintiff attempted to enter the car by climbing over the front enclosure of the platform, and such act on his part contributed directly to the accident, then he is not entitled to recover, although the jury may find there was negligence on the part of the defendant.

3rd. If by one of the regulations of the defendant, intended for the safety of passengers, persons were prohibited from getting on or off at the front end of any car, and were required to enter and leave by the rear platform only, and that notice of such regulation was put up inside of the car in which the plaintiff was a passenger, and that

he had notice of such regulation, and the plaintiff was injured in an attempt to enter the car by the front platform, the verdict must be for the defendant, and if the jury should further find that the plaintiff had ridden on the inside of said car, they may infer from that fact that he had notice of said regulation.

The appellant, however, insists, that the attempt on the part of the appellee to enter the car by the front platform was such a glaring act of negligence as to disentitle him to recover, and this too irrespective altogether of the question of care and prudence on the part of the appellant by which it might have avoided the consequences of the appellee's negligence.

Cases may and do sometimes occur, in which the question of contributory negligence is one of law, to be decided by the Court upon the facts proved, or facts to be found by the jury. As for instance where the uncontradicted proof shows that the injury was occasioned by the concurrent negligence of both parties, or where it was caused entirely by the negligence of the plaintiff, or where the proof is so slight and inconclusive as not to justify a jury reasonably to find negligence on the part of the defendant. In this case, however, the Court was right, we think, in submitting the question of negligence to the jury. In the multitude of cases in which contributory negligence has been considered, there is, we must admit, some confusion and inconsistency in the terms and expressions used by Judges in the attempt to formulate rules defining the nature and character of negligence, by which the respective rights and liabilities of parties are to be determined.

In *Lewis' Case*, 38 *Md.*, 588, we recognized and adopted the rule laid down by the Exchequer Chamber in *Tuff vs. Warman*, 94 *E. C. L. Rep.*, 583, as furnishing the best and most satisfactory guide in cases of this kind. The question affecting the plaintiff's right to recover had been dealt with by the English Courts in several well consid-

ered cases, beginning with *Butterfield and Forrester*, 11 *East*, 60, and ending with *Tuff and Warman.*

In *Butterfield and Forrester*, it was held that the plaintiff was not entitled, if the mischief was caused by his own want of ordinary care. This rule however was qualified in several subsequent cases, and in *Dowell vs. The General Steam Navigation Company*, 85 *Eng. C. L. Rep.*, 195, it was said that the negligence to constitute a bar to the action, must be the *proximate cause,* " the *causa causans.*"

At the trial of *Tuff vs. Warman,* in the Court of Common Pleas, Mr. Justice WILLIAMS used the expression " *direct cause.*" It must be obvious to every one that the terms, "*proximate* " and " remote," and " direct," involving necessarily the somewhat metaphysical doctrine of causation, are more or less open to criticism when applied to a subject-matter to be determined by a jury of practical men. And accordingly, when the case of *Tuff vs. Warman* came up before the Exchequer Chamber, the Court said :

"It appears to us, the proper question for the jury in this case, and indeed in all others of the like kind, is whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary and common care and caution, that, but for such negligence, or want of ordinary care and caution on his part, the misfortune would not have happened. In the first case, the plaintiff would be entitled to recover, in the latter he would not ; as but for his own fault the misfortune would not have happened. Mere negligence, or want of ordinary care or caution would not, however, disentitle him to recover, unless it were such, that, but for such negligence or want of ordinary care and caution, the misfortune could not have happened ; nor, if the defendant might by the exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff."

This case was most elaborately argued, and fully considered by the Court, and the rule thus laid down furnishes, we think, the most satisfactory rule for the guidance of juries in cases of this kind.

If it be conceded then, that there was negligence on the part of the appellee, in attempting to enter the car by the front platform, the question is whether the driver of the appellant's car, by the exercise of proper care and prudence, might have seen the position of the appellee, and thereby have avoided the injury. And in answer to this, it may be said there was no obligation upon the driver to look after, or to exercise any care and prudence in regard to persons attempting to board the car by the front platform, because such persons had no right to enter the car in that direction. *Ordinarily*, this would be true, but under the circumstances of this case, taking into consideration that the appellee had paid his fare, and that owing to the crowded condition of the car, he was obliged to stand on the front platform, that he had gotten off at the request of the driver, to help in getting the car again on the track; in view of these and other facts in this case, there was an obligation on the part of the driver, to see that the appellee and others had an opportunity to get on the car again before he started the horses, and if he saw, or by the exercise of proper care, might have seen the position of the appellee, and thereby have avoided the injury, we think the company was liable. The accident occurred in the daytime, and the appellee was but a few feet from the driver. There was evidence, we think, *legally sufficient* to submit this question to the jury. It is unnecessary to examine in detail the several prayers refused by the Court. The instructions granted certainly presented the law as favorably for the appellant, as it had any right to expect.

Nor do we find any error in excluding the evidence offered in the first exception.

The appellant offered a photograph of another street railway car, and proposed to prove by a witness, that it

was an exact representation of the car upon which the accident happened. We may recognize, it is true, that photography is governed by general laws, which are uniform in their operation, and that we may expect to find a correct likeness of objects subjected to such laws, and it might therefore have been competent to have offered in evidence, a photograph of a car upon which the accident happened; but not the photograph of another car, and then supplement the proof by showing that the two cars were alike.

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 18th March, 1881.)

BARTOL, C. J., dissented.