# STATE ROADS COMMISSION OF MARY-LAND *v.* HANCE ET UX.

[No. 209, September Term, 1965.]

138

*Decided March 31, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Walter B. Dorsey, Special Attorney,* with whom were *Thomas B. Finan, Attorney General,* and *Joseph D. Buscher, Special Assistant Attorney General,* on the brief, for the appellant.

*Thomas A. Rymer* for the appellees.

OPPENHEIMER, J., delivered the opinion of the Court.

This appeal involves the admissibility of evidence in a condemnation proceeding. In August 1964, the State Roads Commission (the Commission) filed a petition in the Circuit Court for Calvert County to condemn .28 acres of the land of Mr. and Mrs. Hance, the appellees (the Hances). The condemnation was in connection with the widening and improvement of Plum Point Road, on which the Hances' one acre property abutted. The Hances had purchased the property for a residence in 1960; they began construction of the house in 1961 and occupied it in December 1962, although it was not completed. The house was located about 125 feet from the original right-of-way line of Plum Point Road, and its view from the road was obscured by a dirt bank about nine feet in height located near the edge of the road. The house was constructed at the same grade as

the original Plum Point Road. The Commission lowered the grade of Plum Point Road about 12 feet and widened the road so that the Hances' house is now only 77 feet from the right-of-way.

In the court below, Mr. Hance testified his plans for the house included the building of a driveway in the shape of a horseshoe around the house with entrances on the Plum Point Road; in 1963, he learned of the proposed taking and the driveway was not built. Over objection, the court admitted a rough sketch of the proposed driveway in relation to the house. Mr. Hance was of the opinion the damage to his property caused by the taking of part of it was about $6500. His expert, Mr. Vaughn, testified to a damage of about $5000, including $250 for the actual taking. In Mr. Vaughn's cross-examination, he was shown a photograph of the property before the taking, which he said accurately portrayed it as it existed before the construction of the house, as to grade only. An objection to the introduction of the photograph was sustained. The State's right-of-way agent, Mr. Kenchington, testified that, in his opinion, the actual damage to the property by reason of the taking of about one-quarter of the land was $250 and that there was no consequential damage to the remainder. The inquisition of the jury assessed the damages at $2750, and judgment was entered for the Hances in that amount. The Commission's appeal is based on the admission of the sketch and the exclusion of the photograph.

I

When there has been a partial taking, consequential damages to the remainder of the tract may be considered in the assessment of the award. Code (1965 Cum. Supp.), Art. 33A, § 5(b) ; *State Roads Comm'n v. Adams,* 238 Md. 371, 373-74, 209 A. 2d 247 (1965).

When the whole tract is taken, in assessing the damages, the jury shall consider what would have been its value if employed for the most profitable use for which they may find it could have been employed, whether it has in fact been applied to such use or not. *Bonaparte v. Mayor & City Council of Baltimore,* 131 Md. 80, 82-83, 101 Atl. 594 (1917). In *Bonaparte,* the evidence showed the building on the tract which was

taken was specially adapted for use as an apartment house, and that its availability for such use added to its market value, even though it was being used at the time of taking only for a single residence. It was held that a prayer offered by the property owner instructing the jury to consider this element of value was improperly refused. In *State Roads Comm'n v. Warriner*, 211 Md. 480, 484-87, 128 A. 2d 248 (1957), Chief Judge Brune, for the Court, held that evidence of a reasonable probability of a change in zoning classification within a reasonable time may properly be admitted and its influence upon market value at the time of taking may be taken into account. This rule has been followed in later cases. *State Roads Comm'n v. Orleans*, 239 Md. 368, 379, 211 A. 2d 715 (1965). See also *Hutchison v. Baltimore Gas & Elec. Co.*, 241 Md. 329, 332, 216 A. 2d 573, 575 (1966). The reasoning of these cases applies to the admissibility of evidence of the most profitable use of the tract as a whole, if a part had not been taken, as an element of consequential damages.

In this case there was evidence that the construction of the proposed driveway would have increased the market value of the tract as a whole, and that the taking of part of the property made the contemplated driveway impractical and left the house unoriented to the remainder of the site. Prior to the partial taking, the land was available for the proposed landscaping, including the driveway, as a part of the completed residence, which was the best use for the tract. Evidence of what the completed residence would have been like had not the taking occurred was therefore relevant, if the construction of the driveway, as part of the residence, was probable in the reasonably near future.

Mr. Hance testified he had not begun the construction of the driveway because of the contemplated taking of part of the property. The porch and grading had not been completed; the driveway was to be the last step in the development of the tract as a residential property. Mr. Hance testified further that he did not proceed because he wished to see the effect of the taking upon the grade of the lot and access to the road. The architect called by the Hances testified that the approach to a house is very important, and that, prior to the taking of part of the

tract, the land was compatible for a circular driveway. The taking radically changed the character of the site, and the present driveway to the house is rather awkward in relation to the front door, and is going to create parking and traffic problems. Mr. Kenchington, the Commission's right-of-way agent, testified that prior to the taking, "there wasn't too much sign of landscaping been done." There was ample evidence that the construction of the horseshoe driveway was probable within a reasonable time, had it not been for the taking. Mr. Hance had built his house himself, and he was going to construct the driveway. It was open to the Commission to cross-examine him as to any cost which might have been involved.

Judge Bowen admitted the sketch as an aid to the oral testimony which had been given about the contemplated driveway. He pointed out to the jury that the sketch was not drawn to scale. The sketch was relevant for the purpose for which it was offered. That it was not drawn to scale or an exact replica goes to its weight and not its admissibility. A sketch of a demolished bridge was held admissible in *County Comm'rs of Harford County v. Wise,* 71 Md. 43, 54, 18 Atl. 31 (1889). The admissibility of sketches is largely within the discretion of the trial judge. *State Use of Charuhas v. Heffelfinger,* 226 Md. 493, 496, 174 A. 2d 336 (1961).

The Commission contends that the owner's plans for future use of a property are irrelevant, citing 4 Nichols, *Eminent Domain* § 12.314 (rev. 3rd ed. 1964). This section of the authority relied on, however, deals with damages on a complete taking. As to consequential damages to the part of a property not taken, Nichols states, in § 14.1[2] :

> "The owner is not limited to recovery of the value of only that part of the tract which was physically appropriated. The entire tract is considered as a whole and the effect of the condemnation and the projected use evaluated so that determination can be made of what he had prior to the proceeding and what he had thereafter."

We find no error in the admission of the sketch.

## II

The photograph which the Commission contends was improperly excluded was only identified as portraying the Hance property as to grade prior to construction. The Commission offered no evidence and made no proffer as to who took the photograph or when. It was offered during the cross-examination of Mr. Vaughn, a real estate broker and farmer, who had testified on behalf of the Hances as an expert real estate appraiser. Objection was made to the introduction of the photograph on the ground it was not an identification of a particular location. The objection was sustained. The proffered photograph is not part of the Commission's appendix or of the record.

In *Hance v. State Roads Comm'n,* 221 Md. 164, 172-73, 156 A. 2d 644 (1959), Judge Prescott, for the Court, said:

"Scott, *Photographic Evidence,* Section 602, stated the general proposition that photographs, if properly verified [no question of verification is here involved] and relevant to the issues in a case, may be admitted in evidence if they assist the jury in understanding the case or aid a witness in explaining his testimony; and the question of whether they are practically helpful or instructive to the jury is left to the discretion of the trial judge and his rulings thereon will not be disturbed in the absence of a showing of an abuse of the discretion. The Maryland cases are in complete accord. * * * [citing cases]."

Prior to Mr. Vaughn's testimony, the Commission's witness, Mr. Kenchington, had testified as to the change in grade of the Hance property brought about by the partial taking, and a diagram showing the change had been introduced and explained by him. Even had the exclusion of the photograph been in error, which we do not find, its effect would only have been cumulative, and the Commission was not prejudiced. See *Hutchison, supra,* and *Mayor & City Council of Baltimore v. State Roads Comm'n,* 232 Md. 145, 148, 192 A. 2d 271 (1963).

*Judgment affirmed; costs to be paid by the appellant.*