## OXON HILL RECREATION CLUB, INC. *v.* PRINCE GEORGE'S COUNTY, MARYLAND

[No. 37, September Term, 1977.]

*Decided July 20, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Edward John Skeens* for appellant.

*Michael O. Connaughton, Deputy County Attorney,* with whom was *James C. Chapin, County Attorney,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This Court has long been reluctant to set aside verdicts in condemnation cases for errors in the admission or exclusion of evidence unless the rulings caused substantial injustice, *State Roads Comm'n v. Kuenne,* 240 Md. 232, 235, 213 A. 2d 567, 568-69 (1965) and cases there cited. The Court, speaking through Judge Prescott in *Hance v. State Roads Comm'n,* 221 Md. 164, 176, 156 A. 2d 644, 650-51 (1959) explained the reason for this:

> "Such cases usually consume much time in trial, and are expensive in nature. As a rule, they are determined by a myriad of different items of evidence. The exclusion or admission of small items of evidence of doubtful materiality [is] not likely to be of great importance in the outcome of the case, and most courts refuse to set aside a verdict in cases of this kind, for error in the rulings on questions of evidence, unless, as indicated above, substantial prejudice be shown."

*See also* 5 Nichols' Law of Eminent Domain § 18.1 [3] (3d ed. 1975, 1977 Supp.).

This is a case where we think substantial prejudice was shown. Oxon Hill Recreation Club, Inc. (Oxon Hill) was the owner of some 17$\frac{1}{2}$ acres in Prince George's County (the County), improved by a swimming pool, tennis courts, and other recreational facilities for use by its 2200 members. In April, 1976, the County determined to acquire by condemnation some 2$\frac{1}{2}$ acres of Oxon Hill's tract for the relocation of Tucker Road. Upon relocation of the road, 11$\frac{1}{2}$ acres of Oxon Hill's original tract would lie to the west of the road and a 3$\frac{1}{2}$-acre parcel to the east.

When the case came on for trial, Oxon Hill stipulated that the County's valuation of $12,000.00 per acre was fair and reasonable. At trial, Richard Pierce, the County's appraiser, testified that the 3½-acre parcel which was severed would lose 25% of its value, in his opinion, and that total damages would be $39,200.00.[1]

Leroy Williams, a witness produced by Oxon Hill, who had not appraised the property to determine value before or after the taking, was of the opinion that the severed parcel would lose 90% of its value, or $37,800.00, which when added to the 2½ acres taken, resulted in total damages of $67,800.00.[2] Revus Black, president of Oxon Hill, was called as a witness. Oxon Hill attempted to elicit from him an expression of his opinion as to the consequential damages to be sustained by the 11½-acre parcel which would remain after the taking; an objection to this line of questioning was sustained.

Maryland Code (1974) § 12-104 (b) of the Real Property Article provides for the computation of damages in cases involving a partial acquisition:

> "The damages to be awarded where land, or any part of it, is taken is the fair market value of the part taken, but not less than the actual value of the part taken plus any severance or resulting damages to the remaining land by reason of the taking and of future use by the plaintiff of the part taken. The severance or resulting damages shall be diminished to the extent of the value of the special (particular) benefits to the remainder arising from the plaintiff's future use of the part taken."

Our cases have held that the measure of damages contemplated by the statute is the difference between fair market value of the whole property immediately before the taking and the fair market value of what is left immediately

---

1. The judgment entered on the jury's inquisition was for $45,200.00.

2. Prince George's County moved to strike the Williams testimony; abandoned its motion, and later requested an instruction that it be given no weight.

after the taking, *Big Pool v. State Roads Comm'n,* 245 Md. 108, 113, 225 A. 2d 283, 285 (1967); *State Roads Comm'n v. Hance,* 242 Md. 137, 139, 218 A. 2d 33, 35 (1966); *State Roads Comm'n v. Adams,* 238 Md. 371, 373-74, 209 A. 2d 247, 248 (1965). *See also Montgomery County v. Old Farm Swim Club,* 270 Md. 708, 313 A. 2d 458 (1974).

When the case was submitted to the jury, the court included the following in its instruction:

> "Now I'm going to tell you something now that I wish I didn't have to tell you, but I'm going to tell you and so instruct you.
>
> "Mr. Williams did not appraise the land properly according to Maryland law. The Maryland law requires that the appraiser appraise the highest and best use before the acquisition and the highest and best use after the acquisition.
>
> "Mr. Williams' testimony did not do that, and I tell you that as a matter of law that his testimony did not meet that criterion; but it is still up to you to give whatever weight you want to give to his testimony when you go back to the jury room. I only tell you he did not meet the criterion of the highest and best use before the acquisition and the highest and best use after the acquisition."

Oxon Hill made a timely objection to this instruction, which the court overruled. Oxon Hill appealed to the Court of Special Appeals from the judgment in its favor for $45,200.00 entered on the jury's inquisition. We granted certiorari before the case was considered by that court.

The court's instruction is the prejudice about which Oxon Hill complains. Williams' testimony may not have met the rule of the Maryland cases, and had it been excluded or stricken, Oxon Hill might have had an opportunity to make a fresh approach to the issue. Once the testimony was admitted, however, the jury should have been permitted to consider it, since although imprecise, it was responsive to the testimony of the County's witness, and was relevant to the manner in which the severed parcel could be utilized.

Oxon Hill's second contention is that the court erred in excluding the testimony of Mr. Black, its president, as to the cost of fencing and of relocating the parking lot and a tennis court. Because of the result which we reach, we need not consider this at length. Oxon Hill correctly states the rule of our cases: an individual owner is competent to express his opinion of value although he has not qualified as an expert, *Baltimore City v. Schreiber*, 243 Md. 546, 553, 221 A. 2d 663, 666 (1966). However, the same principle does not extend to an officer of a corporation unless he can be shown to have some special knowledge as to value, *Smith v. Potomac Electric*, 236 Md. 51, 202 A. 2d 604 (1964). Oxon Hill argues that Mr. Black was not proposing to testify as to value, but rather as to some elements of consequential damage. Assuming without deciding that such testimony would be relevant, *see M. A. Realty v. State Roads*, 247 Md. 522, 525-26, 233 A. 2d 793, 796 (1967), upon which Oxon Hill relies, to be admissible Mr. Black's testimony would still have required a showing of special knowledge.

> *Judgment vacated, case remanded for a new trial, appellant to pay costs of this appeal.*